CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 13 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARLA C. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00052 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF CORRECTIONS, CAPTAIN GARY BOWKER, and CAPTAIN PATRICK RIDGE, | ) ) ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Virginia Department of Corrections ("VDOC"), Captain Gary Bowker ("Bowker"), and Captain Patrick Ridge's ("Ridge") Motion to Dismiss. [ECF No. 4.] The matter was fully briefed by the parties, and I heard oral arguments on October 30, 2018. I have fully reviewed the applicable facts, arguments of the parties, and relevant law; the matter is now ripe for disposition. For the reasons stated herein, I will grant Defendants' Motion to Dismiss. Plaintiff will be granted fourteen (14) days to file an Amended Complaint, if she so chooses.

I. **STATEMENTS OF FACTS AND PROCEDURAL BACKGROUND**[1]

Plaintiff Carla C. Stevens, who is proceeding pro se, is employed by VDOC as a correctional officer at Green Rock Correctional Center in Chatham, Virginia. (Compl. ¶ I.C.) In that position, she was supervised by Bowker and Ridge. (Id. ¶ III.E.) On March 8, 2018, the facility was placed into "lockdown," which required all movement by correctional officers to be approved by the shift commander. (Id.) On that day, Bowker (was was Acting Major) and Ridge

---

[1] The facts are taken from Plaintiff's pro se Complaint [ECF No. 1]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

(who was the shift commander) permitted two white employees to have inmate assistance to help them pull laundry carts. (Id.) When Plaintiff requested the same accommodation, she was denied. (Id.) Plaintiff alleges that, on that day, the white staff members were treated more favorably and afforded assistance to complete their job tasks, while she, a black employee, was not. As a result, Plaintiff was physically injured when she pulled the laundry carts alone.

On August 29, 2018, Plaintiff filed suit in this Court alleging a violation of Title VII of the Civil Rights Act of 1964.[2] [ECF No. 1.] On September 25, Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 4.] The parties fully briefed the matter [ECF Nos. 5, 15, 16], and I heard oral argument on the Motion on October 30. I have reviewed the allegations set forth by Plaintiff, the arguments of the parties, and the relevant law. The matter is now ripe for disposition.

II. **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at

---

[2] She previously filed a complaint with the Equal Employment Opportunity Commission on May 10, 2018, and received a Notice of Right to Sue on May 31, 2018. Defendants do not raise the EEOC's violation of its statutory mandate to investigate for 180 days, so that issue is waived. See Taylor v. Cardiology Clinic, Inc., No. 4:14-cv-00046, 2015 WL 770439, at *4 (W.D. Va. Feb. 24, 2015) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

A. Title VII does not impose liability on individuals

Plaintiff names three defendants in her discrimination action: VDOC, Bowker, and Ridge. Both Bowker and Ridge are sued in their individual capacities.[3] Title VII liability applies only to employers. 42 U.S.C. § 2000e-5(b) (2018); see also Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1998). Individual employees are not "employers" for purposes of Title VII. See Baird, 192 F.3d at 472; Lissau v. So. Food. Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998). It follows, then, that neither Bowker nor Ridge were Plaintiff's "employer" for purposes of Title VII. For this reason, the claims against Bowker and Ridge will be dismissed with prejudice.[4]

B. Plaintiff fails to state a claim for discrimination against VDOC

Generally speaking, Title VII prohibits discrimination in the "compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (2018). Title VII suits generally take one of five forms:

> A charge that an employer deliberately discriminated against the plaintiff because of race . . . (known as a disparate treatment

---

[3] As Defendants correctly point out, Plaintiff has also named VDOC, her employer, as a defendant. Suing Bowker and Ridge in their official capacities would be duplicative. See, e.g., Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004).

[4] Moreover, neither Bowker nor Ridge were named in Plaintiff's original charge of discrimination as an employer; only VDOC and Green Rock Correctional Center were. [See ECF No. 1-1.]

> claim); a charge that the employer used a facially neutral test or other employment practice that unjustifiably resulted in discrimination against members of a protected group (a disparate impact claim); a charge that an employer retaliated against an employee for filing a discrimination claim; or a charge that the employer constructively discharged an employee because of his or her race . . . .

Brown v. Prince George's Cnty. Health Dept., Civ. A. No. HAR 90-51, 1992 WL 142694, at *2 (D. Md. June 15, 1992). Alternatively, a plaintiff can assert a hostile work environment claim, wherein she alleges that harassment on the basis of her race was so "severe or pervasive" as to alter the terms or conditions of her employment. See Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir. 1997). Plaintiff appears to assert a disparate treatment claim only.

In order to state a claim for disparate treatment discrimination under Title VII, Plaintiff is obliged to alleged facts that show: (1) she is a member of a protected class; (2) she has satisfactory job performance; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment. Prince-Garrison v. Md. Dept. of Health & Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007), cert. denied, 552 U.S. 1102 (2008)). Plaintiff has alleged her membership in a protected class and that white employees were treated more favorably; she has failed, however, to allege an adverse employment action.

An adverse employment action is a discriminatory act which "adversely affects the 'terms, conditions, or benefits' of the plaintiff's employment." Von Gunten v. Maryland, 243 F.3d 858, 865 (4th Cir. 2001) (quoting Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 243 (4th Cir. 1997)). In her Complaint, Plaintiff does not allege any change to the terms, conditions, or benefits of her employment. In fact, she does not allege any change whatsoever at

her job. "[A]bsent any decrease in compensation, job title, level of responsibility, . . . opportunity for promotion" or the like, Plaintiff has failed to show an adverse employment action and her Complaint must be dismissed.

To be fair, under certain scenarios, pervasive discrimination or harassment, on its own, can be so severe as to alter the terms and conditions of employment, thereby creating a hostile work environment, and thus are outlawed by Title VII. See, e.g., Nnadozie v. Genesis HealthCare Corp., 730 F. App'x 151, 162–63 (4th Cir. 2018). For example, if white employees are *routinely* permitted inmate assistance to perform their jobs, and black employees are *routinely* denied the same privilege, such a situation may be discriminatory under Title VII. Cf. Pucino v. Verizon Wireless Comm., Inc., 618 F.3d 112, 118 (2nd Cir. 2010) (reversing summary judgment for defendant when allegations of discrimination included, among other things, denying female plaintiff's request for tools but granting the same requests by male employees with less seniority). Plaintiff has not alleged such a scenario, however. The one-time incident[5] she described does not rise to the level of a hostile work environment, and she has failed to allege a disparate treatment case under Title VII. She will be given the opportunity to amend her Complaint within fourteen days, if she so chooses.

IV. **CONCLUSION**

Having failed to set forth a claim of either disparate treatment or hostile work environment, Plaintiff's claim against VDOC will be dismissed, but she will be granted leave to amend if she so chooses. Because supervisors are not personally liable under Title VII, her claims against Bowker and Ridge will be dismissed with prejudice.

---

[5] "[I]solated" conduct *may* be sufficiently severe to be discriminatory under Title VII, but the incident described by Plaintiff does not qualify as "extremely serious" such that it "engendered a hostile work environment." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 280–81 (4th Cir. 2015) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all other counsel of record.

**ENTERED** this 13th day of December, 2018.

                                                 s/Jackson L. Kiser
                                                 SENIOR UNITED STATES DISTRICT JUDGE