CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 21 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARLA C. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00052 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | By: Hon. Jackson L. Kiser |
| CORRECTIONS, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Virginia Department of Corrections' ("VDOC") Motion to Dismiss Plaintiff's Amended Complaint. [ECF No. 26.] The matter was fully briefed by the parties, and I heard oral arguments on April 16, 2019. I have fully reviewed the applicable facts, arguments of the parties, and relevant law; the matter is now ripe for disposition. For the reasons stated herein, I will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

## I.    STATEMENTS OF FACTS AND PROCEDURAL BACKGROUND[1]

The facts are adequately recounted in my Opinion granting the first Motion to Dismiss filed in this case and need not be repeated here. (See Mem. Op. pgs. 1–2, Dec. 13, 2018 [ECF No. 23].). For purposes of ruling on the present Motion, Plaintiff added the following allegations in her Amended Complaint:

---

[1] The facts are taken from Plaintiff's pro se Complaint [ECF No. 1]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Since filing the "initial claim,"[2] Plaintiff asserts that her work environment has become "hostile." She says she was given a reprimand for not coming into work during the September 2017 state of emergency even though she called in. Other officers who called in were not similarly reprimanded. (Am. Compl. pg. 5 [ECF No. 25].)

After I granted motions to dismiss filed by the originally named defendants, Plaintiff filed an Amended Complaint on December 28, 2018, naming only the Virginia Department of Corrections ("VDOC") as a defendant. [ECF No. 25.] VDOC filed its Motion to Dismiss ("the Motion") on January 11, 2019 [ECF No. 27], and Plaintiff filed a brief in opposition on January 31 [ECF No. 29]. VDOC replied [ECF No. 30], and I heard oral arguments on the Motion on April 16, 2019. As I have reviewed the pleadings and arguments of the parties, as well as the applicable law, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Plaintiff, who is proceeding *pro se*, is entitled to a certain level of deference in her pleadings by virtue of her status as an unrepresented litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the requirement of liberal construction [of pleadings for *pro se* parties] does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists." Knowles v. S. C.D.C., No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[2] Plaintiff does not allege to whom she directed, when she filed, or what allegations were contained in her self-styled "initial claim."

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In determining facial plausibility, the court must accept all factual allegations in the complaint as true.  Id.  The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted).  Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III.  DISCUSSION

Plaintiff's Amended Complaint suffers the same fatal defects as her original Complaint. As a stated in my prior opinion, Title VII prohibits discrimination in the "compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (2018). In order to state a claim for disparate treatment discrimination under Title VII, Plaintiff is obliged to allege facts that show: (1) she is a member of a protected class; (2) she had satisfactory job performance; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment. Prince-Garrison v. Md. Dept. of Health & Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007), cert. denied, 552 U.S. 1102 (2008)). An adverse employment action is a discriminatory act which "adversely affects the 'terms, conditions, or benefits' of the plaintiff's employment." Von Gunten v.

<u>Maryland</u>, 243 F.3d 858, 865 (4th Cir. 2001) (quoting <u>Munday v. Waste Mgmt. of N. Am., Inc.</u>, 126 F.3d 239, 243 (4th Cir. 1997)).

As before, Plaintiff's claim fails for want of an adverse action. She contends that the single instance of being denied inmate assistance constituted disparate treatment, but she alleges no change in the terms, conditions, or benefits of her employment. She does contend that, as a result of the denial of inmate assistance, she was forced to perform her job on her own, was injured in the process and, while out of work, received worker's compensation benefits that amounted to 66 2/3% of her regular pay. But, as Plaintiff alleges, it was her *injury* that resulted in lower pay, not the discriminatory acts of VDOC employees. The rate of pay for *any* state employee while on worker's compensation is 66 2/3%, regardless of his or her race. <u>See</u> Va. Code Ann. § 65.2-500 (2018). In the absence of any adverse employment action, her claim of discrimination must fail.

What is apparent from Plaintiff's pleadings is that she is attempting to make a negligence claim into a discrimination one. She contends the allegedly discriminatory act of denying her inmate assistance to perform her job duties was "negligent and did breach [the] duty of care to ensure a safe, secure and productive environment that Plaintiff Stevens was entitled to." (Am. Compl. pg. 3.) But her tort claim against VDOC must fail for her failure to comply with the notice provisions of the Virginia Tort Claims Act.[3] <u>See generally</u> Va. Code Ann. § 8.01-195.1– 8.01-195.6 (2018).

Plaintiff's additional allegation—that she received a written reprimand—does not save her claim. "[N]either oral nor written reprimands constitute the sort of adverse employment action cognizable under Title VII unless the plaintiff also allege[s] that the reprimand has potential collateral consequences that rise to the level of an adverse employment action." <u>Hinton</u>

---

[3] Not to mention the lack of jurisdiction in this Court.

v. Va. Union Univ., 185 F. Supp. 3d 807, 819 (E.D. Va. 2016). Because Plaintiff has failed to allege any additional adversity that accompanied the receipt of a written reprimand, her discrimination claim is insufficient as a matter of law.

Finally, insofar as Plaintiff's reference to a reprimand is intended to allege a claim of retaliation for filing an initial claim of discrimination, that claim will fail for the same reasons.[4] See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 651–52 (4th Cir. 2002) (finding that a "disciplinary discussion" that did not result in tangible effects on employment were not adverse employment actions for purposes of a retaliation claim under Title VII). Moreover, even if the reprimand was a sufficiently material adverse action, Plaintiff never asserted that claim before the EEOC (see Charge of Discrimination [ECF No. 1-1]), and therefore has failed to exhaust her administrative remedies on that issue, meaning this Court would be without jurisdiction over her claim.[5]

---

[4] I recognize that a Title VII retaliation plaintiff need not allege or prove an ultimate adverse employment action, because "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006). Rather, the "materially adverse action" means an act which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal quotation omitted). Even under this lowered standard, however, the mere existence of a reprimand—in and of itself and without any tangible adverse impact in any aspect of Plaintiff's life—is insufficient to state a claim for retaliation. Accord Lindsey-Grobes v. United Airlines, Inc., No. GJH-14-00857, 2014 WL 5298030, at *10 (D. Md. Oct. 14, 2014).

[5] I am not persuaded that the exception to the general rule requiring administrative exhaustion, which is laid out in Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992), would apply here. Unlike Nealon, Plaintiff does not appear to be alleging retaliation for filing a charge of discrimination with the EEOC; rather, it appears she is contending that she was retaliated against for filing an "initial claim" with VDOC. She alleges she was given the reprimand in September 2017; she filed her Charge of Discrimination with the EEOC on May 10, 2018, over six months after the allegedly retaliatory conduct. Clearly, everything necessary to make out a claim of retaliation was known to Plaintiff six months before she contacted the EEOC. None of the equities that justified ignoring the exhaustion requirement in Nealon are present here.

## IV.    <u>CONCLUSION</u>

After two chances, Plaintiff has been unable to state a valid claim of discrimination. Accordingly, VDOC's Motion to Dismiss will be granted with prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all other counsel of record.

**ENTERED** this 21st day of May, 2019.


<u>s/Jackson L. Kiser</u>
SENIOR UNITED STATES DISTRICT JUDGE